HENRY MUHLKER, Respondent, *v.* JACOB RUPPERT, Appellant.

Where fixed monuments are referred to in the description in a deed, which sufficiently locate and determine the premises conveyed, they will control courses and distances.
*Smyth* v. *McCool* (22 Hun, 595), distinguished.
Reported below 23 J. & S. 359.

(Submitted December 16, 1890; decided January 14, 1891.)

APPEAL from order of the General Term of the Superior Court of the city of New York, made March 6, 1888, which reversed a judgment in favor of defendant entered upon a decision of the court on trial at Special Term, and ordered a new trial.

The following is the opinion in full:

" This action was brought to compel the specific performance of a contract for the purchase of real estate. The defense was that the plaintiff did not have title to the westerly five feet of land embraced in the contract.

" The land contracted to be conveyed is located in the city of New York on the southerly side of One Hundred and Twenty fourth street, and has a frontage upon that street of

thirty-nine feet, commencing at the intersection of Fourth avenue, and westerly therefrom. One Grace T. Turnbull, formerly Smith, is the owner of the lot adjoining on the west, whose title was derived from the same source as that of the plaintiff, but of prior date. Her lot has a frontage of eighteen feet, and commences at a point, as is claimed, 298 feet easterly from the intersection of Madison avenue with One Hundred and Twenty-fourth street. It is contended on the part of the appellant that the easterly line of Madison avenue is but 400 feet from the westerly line of Fourth avenue, and that consequently Mrs. Turnbull's lot laps over five feet upon the lot embraced in the contract in question; whilst on the part of the plaintiff it is claimed that at the time of the conveyance to Mrs. Turnbull the distance between the two avenues at this point was 405 feet.

"But under the view taken by us of this case it becomes unnecessary to consider this question or construe the statutes under which Madison avenue was laid out as an avenue of the city of New York.

"The lands upon the southerly side of One Hundred and Twenty-fourth street in the block in question formerly belonged to Thomas Fealey and David Housten, who erected twelve buildings thereon, including the one covering the lot now owned by Mrs. Turnbull. Her title is derived through the foreclosure of a mortgage which was given to her by Fealey and Housten. The mortgage described the property as beginning at a point on the southerly side of One Hundred and Twenty-fourth street distant 298 feet easterly from the corner formed by the intersection of the easterly line of Madison avenue with the southerly side of One Hundred and Twenty-fourth street *at or in front of the middle of a party-wall;* running thence southerly and parallel with Madison avenue and partly through the center of said party-wall 100 feet and 11 inches to the center of the block; thence easterly in the center line of the block and parallel with One Hundred and Twenty-fourth street eighteen feet; thence northerly and parallel with Madison avenue and partly through the center of a party-wall 100 feet and 11 inches to the southerly side of One Hundred and Twenty-fourth street, and thence westerly along the southerly

side of One Hundred and Twenty-fourth street eighteen feet to the place of beginning.

"So that, it will be observed that the beginning point of Mrs. Turnbull's land was at or in front of the middle of a party-wall, and that this party-wall formed a portion of the westerly boundary of her lot; that the easterly line also passed through a party-wall, which, in part, formed the eastern boundary of her lot. The testimony of Housten is to the effect that the building upon this lot was erected before the mortgage was given to Mrs. Turnbull; that the house was known as No. 68; that it was their intention to mortgage to her the lot covered by the house. It appears to us that these party-walls are fixed monuments which sufficiently locate and determine her land. The evidence sufficiently locates the party-walls referred to, they are the easterly and westerly walls to the house known as No. 68 One Hundred and Twenty-fourth street.

"Our attention has been called to the case of *Smyth* · v. *McCool* (22 Hun, 595), it which it was claimed a different conclusion was reached. But our examination of that case leads to no such result. The description in that case began at a point in the easterly line of Madison avenue, distant sixty-three feet northerly from the crossing formed by the intersection of the northerly line of Sixty-first street; thence running northerly along the easterly line of Madison avenue sixteen feet; thence easterly and parallel with Sixty-first street and part of the distance through the center of a party-wall, etc. The court, in commenting on the language used in the description says, that it ran along '*Madison avenue sixteen feet, not sixteen feet to the center of a party-wall*,' and then argues that it ran to no point or monument which would fix the boundary of the lot. But it will be observed that in the case under consideration the line commenced at a point on One Hundred and Twenty-fourth street ninety-eight feet from the intersection of Madison avenue, *at or in front of the middle of a party-wall*, thus fixing and describing the monument from which the boundary of the lot commenced.

"But, again, as we have already stated, Mrs. Turnbull derived her title through a foreclosure of her mortgage and a

sale had thereunder. And it appears that prior to such foreclosure Fealey and Houston had conveyed the lot covered by the mortgage to Cornelius J. McCarthy, describing it as known as street No. 68 One Hundred and Twenty-fourth street, and as eighteen feet wide, distant eighty-nine feet from the westerly line of Fourth avenue, as widened, just the width of plaintiff's land, and McCarthy had conveyed the same to one Henry Magets, describing it in the same way, and that Mrs. Turnbull, in her complaint asking for a foreclosure of her mortgage, sets up these conveyances and alleges them to be conveyances of the mortgaged premises, thus asserting that the lands covered by those deeds were the same as that covered by her mortgage, and we do not understand that she has ever made any other claim.

" We, consequently, are of the opinion that the order of the General Term should be affirmed, and that judgment absolute should be ordered against the appellant upon the stipulation, with costs."

*Ashbel P. Fitch* for appellant.

*Austen G. Fox* for respondent.

HAIGHT, J., reads for affirmance of order of General Term, and for judgment absolute in favor of plaintiff.

All concur.

Order affirmed and judgment accordingly.